UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GEORGE BORETTI,

    Petitioner,                                 Civil No. 06-CV-10805
                                             HONORABLE AVERN COHN

v.

KENNETH McGiNNIS,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. David George Boretti, (Petitioner), who currently resides in Southfield, Michigan, seeks habeas relief from his convictions for operating under the influence of liquor (O.U.I.L.), third-offense, Mich. Comp. Laws § 257.625(6)(D); driving while license suspended (D.W.L.S.), second-offense, Mich. Comp. Laws § 257.904(1)(C), and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12. Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. For the reasons that follow, the petition will be dismissed for lack of subject matter jurisdiction.

### II. Procedural History

Petitioner pleaded guilty to the above offenses in the Oakland County Circuit Court on February 7, 2000. On August 11, 2000, petitioner was sentenced to one and a half to fifteen years in prison on the O.U.I.L., third offense conviction, and received a concurrent one year sentence on the D.W.L.S. conviction.

1

Prior to seeking direct review in the state courts, petitioner filed a petition for writ of habeas corpus with the United States District Court for the Western District of Michigan, which was dismissed without prejudice on the ground that petitioner had failed to exhaust his state court remedies. Boretti v. Howes, No. 1:00-cv-910 (W.D. Mich. January 29, 2001).

Petitioner subsequently filed an application for leave to appeal to the Michigan Court of Appeals, which was denied. People v. Boretti, No. 237122 (Mich.Ct.App. November 20, 2001). Petitioner did not file an application for leave to appeal to the Michigan Supreme Court.

On November 21, 2002, petitioner filed a second petition for writ of habeas corpus in this district. This petition was also dismissed without prejudice on the ground that petitioner failed to exhaust his state court remedies. Boretti v. McGinnis, U.S.D.C. 02-74648-DT (E.D. Mich. November 10, 2003). The order indicated that petitioner "may refile his Petition within 60 days of exhausting his state court remedies, provided that Petitioner institutes his state court remedies within 60 days from the date of this Order." Id. On December 31, 2003, the order was amended to give petitioner ninety five days from November 10, 2003 to institute state post-conviction proceedings. Id.

On February 12, 2004, petitioner was discharged from his sentence by order of the Michigan Parole Board. [1]

---

[1] See Petitioner's Exhibit 4; See also the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which the Court is permitted to take judicial notice of. See Ward v. Wolfenbarger, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

On February 13, 2004, petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which was denied. People v. Boretti, No. 99-168010-FH (January 10, 2005). The Michigan appellate courts denied petitioner's application for leave to appeal. People v. Boretti, 260557 (Mich.Ct.App. August 16, 2005); *lv. den.* 474 Mich. 977 (2005).

Petitioner filed the instant petition for writ of habeas corpus on February 23, 2006.

## II. Discussion

Although neither party raised the issue of whether the court has jurisdiction over the case petitioner's case, it is appropriate to consider the issue *sua sponte,* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. See Williams v. Stegall, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989). A habeas petitioner is no longer "in custody," for purposes of a conviction imposed, after the sentence on that conviction has fully expired. Id. at 492-93; Clemons v. Mendez, 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). The "in custody" requirement is jurisdictional. See Foster v. Booher, 296 F. 3d 947, 949 (10th Cir. 2002). Once a habeas petitioner's sentence for a conviction has completely expired, the collateral consequences of that conviction are insufficient to render a petitioner "in custody." Clemons, 121 F. Supp. 2d at 1102-03.

Here, it is undisputed that petitioner was discharged from his sentences on February 12, 2004, prior to the filing of the instant petition. As such, he was no longer in custody at the time of filing. The fact that petitioner was still in custody when he filed his two prior

habeas petitions would not confer subject matter jurisdiction upon the court to entertain the current habeas petition. The relevant date for determining whether petitioner satisfies the "in custody" requirement is the date that he filed the current habeas petition, not the dates that he filed his prior habeas petitions. See Henry v. Lungren, 164 F. 3d 1240, 1241 (9th Cir. 1999).

Moreover, petitioner's current petition would not relate back to the date that the earlier petitions were filed because the district courts did not expressly or impliedly retain jurisdiction over petitioner's previous two habeas petitions. Id., See also Lefkowitz v. Fair, 816 F. 2d 17, 22-23 (1st Cir. 1987). Although in the second petition, the Court stated that petitioner could re-file his habeas petition within sixty days of exhausting his state post-conviction remedies, when viewed in context, this language was employed for the purpose of allowing prospective equitable tolling of the one year limitations period contained in 28 U.S.C. § 2244(d)(1) for the time that petitioner's earlier habeas petition was pending. Because the order was barren of any intent to retain petitioner's prior habeas application, the current habeas petition before the court would not relate back to the prior habeas petition. Lefkowitz, 816 F. 2d at 22.

### III. Conclusion

For the reasons stated above, the petition for writ of habeas corpus is **DISMISSED.**

**SO ORDERED.**

Dated: February 28, 2006        s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 28, 2006, by electronic and/or ordinary mail.
                                s/Julie Owens
                                Case Manager, (313) 234-5160