**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID GEORGE BORETTI,

    Petitioner,                                  Case No. 06-CV-10805

                                               HONORABLE AVERN COHN

v.

KENNETH McGiNNIS,

    Respondent.

_____/

**<u>ORDER DENYING A CERTIFICATE OF APPEALABILITY</u>**

I.

This is a habeas case under 28 U.S.C. § 2254. On February 28, 2006, the Court dismissed the petition on the grounds that subject matter jurisdiction was lacking because the sentences on the convictions being challenged in the habeas petition had expired. The Court also found that the petition did not relate back to a prior petition because the district court did not retain jurisdiction.

II.

Petitioner has filed a notice of appeal, seeking to appeal the Court's February 28, 2006 decision. Before Petitioner can appeal the decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2254(c)(1)(A) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In <u>Slack v. McDaniel</u>, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a

petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  120 S. Ct. at 1604.  The Supreme Court recently explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."  Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA.  See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Moreover, where a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA.  Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

Reasonable jurists would not debate the Court's ruling because, as explained in the order of dismissal, the Court lacks jurisdiction to consider the petition and the petition did not relate back to a prior filed petition.  Thus, there is no basis for granting a COA.

SO ORDERED.


Dated:  April 11, 2006                s/Avern Cohn
                                      AVERN COHN
                                      UNITED STATES DISTRICT JUDGE

06-10805  Boretti v. McGinnis

## Proof of Service

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 11, 2006, by electronic and/or ordinary mail.

                         s/Julie Owens
                         Case Manager
                         (313) 234-5160